■ Betty Berger, Appellant, v. Joseph Berger, Respondent.— Appeal by plaintiff, Betty Berger, from so much of an order of the Supreme Court, Queens

County, dated September 26, 1972, which: (1) granted the defendant's motion to punish the plaintiff as and for a contempt of court in failing and refusing to comply with certain of the provisions of the judgment entered in this action on July 12, 1971; (2) ordered that the fair and reasonable value of the premises, 83-67 116th Street, Kew Gardens, New York, is fixed at the sum of $42,000, and that plaintiff shall, within 10 days hereof, execute and deliver to defendant a proper bargain and sale deed, with usual covenants against grantor's acts, conveying to him all her rights, title and interest in and to said premises, upon being paid one half said appraised value, less the usual closing adjustments for taxes, water, insurance and similar items to the day of closing; (3) ordered that the defendant pay to the plaintiff the sum of $500 as full reimbursement for moneys paid by plaintiff to tutors for Lorraine Susan Berger, the issue of the marriage between the parties; and (4) denied plaintiff's cross motion for additional reimbursement of moneys expended for tutors of the infant issue of the marriage and other relief. Order insofar as appealed from, affirmed, without costs. No opinion. Munder, Latham and Christ, JJ., concur; Hopkins, Acting P. J., and Benjamin, J., dissent and vote to reverse the order and remand the case to Special Term with the following memorandum: In our opinion, a hearing should be held in this matter so that the court may determine if there has been a change in circumstances since the judgment of divorce was granted to the plaintiff on July 12, 1971. The hearing should cover all the issues raised by the notice of appeal on the motion and cross motion, as appealed from by the plaintiff. Sufficient facts were not revealed in the moving papers. The fair and reasonable value of the premises, 83-67 116th Street, Kew Gardens, New York, owned by plaintiff and defendant as tenants by the entirety, should be determined at the hearing with opportunity for cross-examination by the parties, rather than on the affidavit by the court appointed appraiser.